<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-4257**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO DEMETRIUS WILLIAMS, a/k/a Little Wayne, a/k/a Black, a/k/a Antonio Williams,

Defendant - Appellant.

---

**No. 13-4304**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEMARIO DERMINE COFFIE, a/k/a Mario, a/k/a Demario Coffie,

Defendant - Appellant.

---

**No. 13-4311**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALFANCO DEXTER BRITTON, a/k/a Mike, a/k/a Mann, a/k/a Alfanco, a/k/a Alphonso Britton,

                    Defendant - Appellant.

                    _____

                    **No. 13-4330**

                    _____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

NIKKI KATHLEEN WILLIAMS, a/k/a Nikki Williams,

                    Defendant - Appellant.

                    _____

Appeals from the United States District Court for the Western District of Virginia, at Harrisonburg.  Michael F. Urbanski, District Judge.  (5:12-cr-00014-MFU-3; 5:12-cr-00014-MFU-4; 5:12-cr-00014-MFU-2; 5:12-cr-00014-MFU-1)

                    _____

Submitted: January 30, 2014          Decided: February 4, 2014

                    _____

Before KING, SHEDD, and THACKER, Circuit Judges.

                    _____

Affirmed by unpublished per curiam opinion.

                    _____

John S. Hart, Jr., HART LAW OFFICES, Harrisonburg, Virginia; Roland Santos, LAW OFFICE OF ROLAND SANTOS, Harrisonburg, Virginia; Wynn Andrew Harding, W. ANDREW HARDING, PLC, Harrisonburg, Virginia; Aaron Lee Cook, COOK ATTORNEYS, A PROFESSIONAL CORPORATION, Harrisonburg, Virginia, for Appellants.  Timothy J. Heaphy, United States Attorney, Grayson A. Hoffman, Assistant United States Attorney, Harrisonburg, Virginia, for Appellee.

                    _____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants Antonio Williams, Demario Coffie, Alfanco Britton, and Nikki Williams were convicted after a jury trial of one count of conspiracy to distribute and manufacture 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012). Antonio Williams, Coffie, and Britton were also convicted of multiple counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Prior to trial, the Government filed informations of prior felony drug convictions pursuant to 21 U.S.C. § 851 (2012), describing three prior convictions sustained by Antonio Williams, and four prior convictions sustained by Britton. The district court sentenced Antonio Williams and Britton to life imprisonment, Coffie to 120 months of imprisonment, and Nikki Williams to 210 months of imprisonment.

On appeal, all appellants assert that the district court erred in denying their motion for a mistrial based on possible tainted in-court identifications by Government witnesses. Antonio Williams and Britton argue that the district court erred in finding that the life sentences mandated by 21 U.S.C. § 841(b)(1)(A) did not violate the Fifth and Eighth Amendments, and that the district court plainly erred in failing to submit to the jury the issue of whether they had previously been convicted of felony drug offenses sufficient to trigger the

4

statutory mandatory minimum penalties. Britton argues that the district court erred in finding that his prior felony drug convictions that triggered the mandatory life sentence were not obtained in violation of his constitutional rights. Finally, Nikki Williams argues that the district court erred in enhancing her sentence for a leadership role in the offense.

All appellants argue that the district court erred in denying their motion for a mistrial after the discovery that two witnesses, Bell and Miller, were shown the courtroom and the seating of the defendants before the witnesses testified. Appellants assert that showing the witnesses the courtroom and location of the defendants tainted their in-court identifications of the defendants. This court reviews the denial of a motion for a mistrial for abuse of discretion. United States v. Johnson, 587 F.3d 625, 631 (4th Cir. 2009). Appellants' argument is centered on their assertion that

> If the taint was restricted to Bell and Miller, the
> Court would have acted in its fullest authority to
> correct the error and the Appellants would not have a
> basis to ask for more. Unfortunately the taint was
> not restricted to them and that taint, at day seven
> after more than a dozen lay witnesses, was the grave
> error that necessitated a mistrial in this case.

Appellants' Br. at 25-26.

Appellants asserted a similar argument before the district court. The court repeatedly asked counsel to point out any factual basis for their claim that prior witnesses must have

5

been improperly coached and thus their identification testimony was tainted.  Counsel answered only that their clients had told them that similar incidents had occurred throughout the trial. Notably, none of the defendants were called to testify in support of that assertion.  Our review of the record leads us to conclude that the district court did not abuse its discretion in denying a mistrial.  As in the district court, Appellants point to no record evidence that any witnesses who testified before the jury were improperly coached, or that their identification of the defendants was tainted.  Even assuming that the actions of the officer were improper, the remedy that the district court ordered, exclusion of the witnesses affected by that impropriety, cured any taint.  See United States v. Cropp, 127 F.3d 354, 363 (4th Cir. 1997) ("The Supreme Court has long recognized that a trial court may employ one of three remedies when a sequestration order has been violated: sanction of the witness; instructions to the jury that they may consider the violation toward the issue of credibility; or exclusion of the witness' testimony.").

Antonio Williams and Britton argue that the district court erred in finding that the life sentences mandated by 21 U.S.C. § 841(b)(1)(A) did not violate the Fifth and Eighth Amendments.  Specifically, they assert that their sentences were grossly disproportionate to their crimes and constitute cruel

6

and unusual punishment in violation of the Eighth Amendment. They also assert that their sentences violate their due process rights under the Fifth Amendment because the statutory penalty prevents the district court from conducting individualized sentencing and violates separation of powers because it allows executive usurpation of the judicial authority over sentencing. In their reply brief, however, they acknowledge that precedent of the Supreme Court and this court forecloses their argument. This court rejected the exact arguments presented by Williams and Britton almost twenty years ago, and affirmed a mandatory life sentence imposed under § 841(b)(1)(A). See United States v. Kratsas, 45 F.3d 63, 65-69 (4th Cir. 1995) (applying Harmelin v. Michigan, 501 U.S. 957 (1991)). Williams's and Britton's constitutional challenge to the mandatory life sentence is without merit.

Antonio Williams and Britton also argue that the district court plainly erred in failing to submit to the jury the issue of whether they had previously been convicted of felony drug offenses sufficient to trigger the statutory mandatory minimum penalties. They rely primarily on the Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151, 2155, 2163-64 (2013) (holding that any fact that increases the statutory mandatory minimum is an element of the offense that must be submitted to the jury and found beyond a reasonable

7

doubt). In their reply brief, they acknowledge that this claim is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), and that this court cannot provide relief on this claim at this time. Their concession is appropriate. Alleyne did not address, much less overrule, the exception for the use of prior convictions to enhance a sentence that was recognized by the Supreme Court in Almendarez-Torres. Alleyne, 133 S. Ct. at 2160 n.1; see also United States v. Graham, 711 F.3d 445, 455 (4th Cir. 2013) ("In any event, we are bound by Almendarez-Torres unless and until the Supreme Court says otherwise."); United States v. Cheek, 415 F.3d 349, 351-52 (4th Cir. 2005) (rejecting argument that Almendarez-Torres was implicitly overruled by subsequent decisions). Thus, this claim is without merit.

Britton argues that the district court erred in finding that his prior felony drug convictions that triggered the mandatory life sentence were not obtained in violation of his constitutional rights. He does not deny the existence of the convictions, but asserts that his guilty pleas were not knowing and voluntary because the state trial courts failed to advise him that his plea could be used to enhance a future sentence, and failed to ensure that he understood the rights he was giving up by pleading guilty.

"A person claiming that a conviction alleged in the information was obtained in violation of the Constitution . . . shall have the burden of proof by a preponderance of the evidence on any issue of fact."  21 U.S.C. § 851(c)(2).  "In reviewing the propriety of such an enhancement, we assess the district court's findings of fact for clear error and its legal rulings de novo."  United States v. Kellam, 568 F.3d 125, 143 (4th Cir. 2009).  The voluntariness of a guilty plea is determined by considering the totality of the circumstances surrounding the plea.  Brady v. United States, 397 U.S. 742, 749 (1970).  To be knowing and voluntary, a plea must be entered with a full understanding of the charges and the consequences of the plea.  Boykin v. Alabama, 395 U.S. 238, 243-44 (1969).  The plea must represent an uncompelled choice among the courses of action open to the defendant.  North Carolina v. Alford, 400 U.S. 25, 31 (1970).

Prior to the hearing on Britton's challenge to the convictions, the district court watched a video recording of the plea hearing in question.  The court also reviewed the plea forms executed by Britton and his attorneys in the proceedings, and heard testimony from Britton.  The information contained on the plea forms conveys the necessary advice regarding the rights Britton gave up by his plea, as well as the possibility that his plea could be used to enhance future sentences.  Although

9

Britton testified that he could not read or understand most of the information on the forms, his answers to direct inquiries from the state court judge contradict his testimony. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (sworn statements carry a strong "presumption of verity"); Fields v. Attorney Gen., 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."). Moreover, his attorneys certified by their signatures on the form that they had explained the rights listed on the form to Britton. Finally, Britton testified that he understood he was pleading guilty and understood when the court rejected his initial plea deal in one of the cases because it involved a mandatory minimum sentence. On this record, the district court did not err in finding that Britton's pleas were knowing and voluntary. The convictions were properly used as predicate felony drug convictions to enhance his sentence under 21 U.S.C. § 841(b)(1)(B).

Nikki Williams argues that the district court plainly erred in imposing the three-level enhancement for her role in the offense. This court reviews the district court's application of a leadership enhancement for clear error. United States v. Steffen, __ F.3d __, 2013 WL 6698604 (4th Cir. 2013). We will find that the district court clearly erred "only when,

10

after reviewing all the evidence, we are left with the definite and firm conviction that a mistake has been committed." Id. (internal quotation marks omitted). A three-level enhancement for a defendant's role in the offense may be applied "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive . . . ." USSG § 3B1.1(b). Williams does not contest that the criminal activity in this case involved five or more participants or was otherwise extensive, but argues that the evidence was insufficient to establish that she exercised any leadership or management role.

"[T]he aggravating role adjustment is appropriate where the evidence demonstrates that the defendant controlled the activities of other participants or exercised management responsibility." United States v. Llamas, 599 F.3d 381, 390 (4th Cir. 2010) (internal quotation marks omitted). The defendant need only have exercised control over one participant. See USSG § 3B1.1 cmt. n.2. Our review of the record leads us to conclude that the district court did not err in finding that the enhancement was supported by the testimony describing Nikki Williams's actions in managing the financial aspects of the conspiracy, which included directing other participants.

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED